## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| KEVIN J. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-cv-1168 |
| AMERICAN EQUIPMENT & FABRICATING CORPORATION, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on a Motion to Dismiss by Defendant, American Equipment & Fabricating Corporation. (Doc. 25).[1] Plaintiff, Kevin J. Williams, has responded in opposition to the Motion to Dismiss. (Doc. 27). For the reasons stated below, the Motion to Dismiss is denied.

### BACKGROUND

Plaintiff's Fourth Amended Complaint states that he was injured while he was employed by T. Steele Construction, Inc., and working in Maywood, Illinois, on October 10, 2007. Plaintiff alleges his injury was caused by a large rock, which was thrown off of a Soilmec R-312/200 Hydraulic Drilling Rig ("Drill"). This Drill was sold by Defendant to his employer, and, according to Plaintiff, was, on the date of

---

[1] Defendant originally filed a substantially identical Motion to Dismiss in this case on May 14, 2009. (Doc. 3). On October 23, 2009, following Plaintiff's filing of a Fourth Amended Complaint, this Court entered an order specifying that under Local Rule 7.1(E), unless Defendant specifically revived its Motion to Dismiss, it would be deemed moot. (Doc. 24). On November 2, 2009, Defendant re-submitted its Motion to Dismiss. As the new Motion to Dismiss is duplicative of the May 14, 2009 Motion to Dismiss, the older Motion to Dismiss (Doc. 3) is now moot.

the accident, in the same condition as when it was purchased from Defendant. Plaintiff asserts two counts against Defendant. In the first count, based on strict liability, Plaintiff asserts that the Drill was unreasonably dangerous in that it had no guard or other safety devices to limit the distance the cuttings could be thrown when spun off, there were no adequate warnings which accurately described the danger posed by the Drill, and there were no adequate warnings to make known to Plaintiff that the Drill was entering spinoff mode so Plaintiff could take necessary precautions. In the second count, based in negligence, Plaintiff asserts that Defendant negligently sold and distributed the Drill, failed to give adequate warnings, failed to furnish adequate safety devices, and failed to furnish adequate warning devices.

Defendant moved to dismiss the Fourth Amended Complaint, alleging that, as it is the distributor, rather than the manufacturer, of the Drill, and that it is therefore entitled to dismissal under Illinois' "seller's exception" to products liability actions. 735 ILCS 5/2-621.[2] As required by the statute, Defendant included an

---

[2] Defendant cites to Federal Rule of Civil Procedure 12(b)(6) in its Motion to Dismiss, but relies on 735 ILCS 5/2-621. The Court finds that, as § 2-621 has been found to apply in federal court, the section provides its own authority for dismissal, and citation to Rule 12(b) is unnecessary. Keast v. Tenneco Equip. Corp., 95-c-50347, 1996 WL 607002, *1 fn. 1 (N.D. Ill. Oct. 21, 1996). See also Caterpillar, Inc. v. Usinor Industeel, 393 F.Supp.2d 659, 684 (N.D. Ill. 2005) (§ 2-621 applies in federal court, applying only § 2-621 in denying motion to dismiss); LaRoe v. Cassens & Sons, Inc., 472 F.Supp.2d 1041, 1046-47 (S.D. Ill. 2006) (§2-621 applies in federal court); Farris v. Satzinger, 681 F.Supp. 485, 487-90 (N.D. Ill. 1987) (§ 2-621 applies in federal court, applying only § 2-261 to dismiss).

Under this decision, there is no need to convert Defendant's Motion to Dismiss to a Motion for Summary Judgment under Rule 12(d), which might be required if disposition of the motion were to proceed under Rule 12(b)(6), as, like all § 2-621 defendants, Defendant relies on evidence outside the pleadings (the affidavit required by § 2-261).

affidavit certifying that the manufacturer of the Drill is Soilmec, S.p.A., which is located in Italy. (Doc. 25, Ex. A).

## DISCUSSION

Illinois law recognizes a "seller's exception" to products liability actions that are based on strict liability. 735 ILCS 5/2-621. Prior to 1995, § 2-621 applied only to actions in strict liability; plaintiffs who proceeded against a non-manufacturer defendant under a negligence theory were not subject to dismissal under § 2-261. <u>Link by Link v. Venture Stores, Inc.</u>, 677 N.E.2d 486, 989 (Ill. App. 1997). In 1995, Public Act 89-7 amended § 2-261, to provide that the section applied to "any theory or doctrine." In <u>Best v. Taylor Machine Works</u>, though, the Illinois Supreme Court found Public Act 89-7 unconstitutional in its entirety. 689 N.E.2d 1057 (1997). Therefore, the version of § 2-621 that was in effect prior to the 1995 amendment is currently applicable. <u>Murphy v. Mancari's Chrysler Plymouth, Inc.</u>, 887 N.E.2d 569, 572 fn. 2 (Ill. App. 2008).

The pre-amendment version of § 2-621 provides that a non-manufacturing defendant to a products liability suit based on strict liability is to file an affidavit certifying the correct identity of the manufacturer of the product in question when the defendant answers or responds to the complaint. 735 ILCS 5/2-621(a). After this certification, and after the plaintiff has filed a complaint against the manufacturer and the manufacturer has been required to respond, the court is required to dismiss the strict liability claim against the non-manufacturer. 735 ILCS 5/2-621(b). Dismissal is not appropriate if the non-manufacturer "exercised some significant control over the design or manufacture of the product, or has

3

provided instructions or warnings to the manufacturer relative to the alleged defect in the product[;] had actual knowledge of the defect in the product[; or] created the defect in the product…" 735 ILCS 5/2-621(b) & (c). If the plaintiff is unable to proceed against the manufacturer, it may move under certain circumstances to vacate the dismissal and reinstate the non-manufacturer defendant. 735 ILCS 5/2-621(b).

## I. Count I: Strict Liability

Defendant argues that § 2-621 entitles it to dismissal of the strict liability count, as it has correctly identified the manufacturer of the Drill. Defendant asserts that it has not "exercised any significant control over the design or manufacture of the product, or provided instructions or warning to the manufacture[r] relative to the alleged defect in the product," that it "had no actual knowledge of the alleged defect," and that it "did not create the alleged defect." (Doc. 26 at 3). Plaintiff asserts that Defendant had to know that the Drill was not equipped with a guard or warnings that would have prevented Plaintiff's injury, as it was obvious, and that the "actual knowledge of the defect" exception to § 2-621 applies. (Doc. 27 at 3-4).

The Court need not determine at this point whether the allegedly "obvious" fact of the lack of a guard or warnings constitutes "knowledge" of the Drill's alleged defect within the terms of § 2-621(c)(2).[3] Under the terms of the statute, the court must dismiss the non-manufacturing defendant "once the plaintiff has filed a

---

[3] See Murphy, 887 N.E.2d at 576-77 (plaintiff must show that defendant "had actual knowledge of the unreasonably dangerous nature of the physical characteristics/design of the product, not just actual knowledge that the physical characteristics/design existed").

4

complaint against the manufacturer," and after the manufacturer has answered or has been required to answer or otherwise plead. 735 ILCS 5/2-621. Therefore, filing a complaint against the manufacturer and requiring the manufacturer to respond is a prerequisite to dismissal under § 2-621. Here, Defendant has certified that Soilmec, S.p.A. is the manufacturer of the Rig. (Doc. 25, Ex. A).

Plaintiff has not filed a complaint against Soilmec, S.p.A., and it has not been required to respond.[4] Under the plain terms of the statute, dismissal of Defendant at this point in time is premature. Cherry v. Siemans Medical Systems, Inc., 565 N.E.2d 215, 218 (Ill. App. 1990) (dismissal of non-manufacturer prior to service on manufacturer premature). See also Cincinnati Ins. Co. v. Production Design Products, Inc., 06-cv-915, 2007 WL 1021975, *1 (S.D. Ill. 2007) ("statute requires a court to dismiss a non-manufacturing defendant once the manufacturer is properly before it"); Kellerman v. Crowe, 518 N.E.2d 116, 119 (Ill. 1987) ("statute provides a

---

[4] Plaintiff has amended his Complaint four times, each time naming a different combination of defendants, as a result of his attempts to name the proper manufacturer of the Drill. On October 19, 2009, Plaintiff moved to amend his Complaint a fourth time, stating that he had previously "sent a Notice of a Lawsuit and Request to Waive Service of a Summons packet pursuant to Rule 4 of the Federal Rules of Civil Procedure to SOILMEC NORTH AMERICA at an address discovered in Soilmec's General Catalogue where the Plaintiff believed that SOILMEC S.p.A was conducting business in the United States of America." (Doc. 20 at 1).

After mail delivery to this address failed, Plaintiff discovered that "SOILMEC NORTH AMERICA is not a legal entity, but believed that SOILMEC S.p.A. was conducting business in the United States of America as TREVI ICOS CORP. and/or SOILMEC BRANHAM INC." (Doc. 20 at 1). Therefore, Plaintiff named Trevi Icos Corp. and Soilmec Branham Inc. as defendants in his Third Amended Complaint. (Docs. 18 & 20). In his Motion for Leave to File Fourth Amended Complaint, Plaintiff states that he has now determined that neither Trevi Icos Corp. nor Soilmec Branham Inc. distributed or manufactured the Drill, and that Soilmec S.p.A., the manufacturer, is not conducting business in the United States. (Doc. 20 at 1).

means by which certain defendants may avoid the costs of defending a product liability action once the manufacturer has been made a party"); Saieva v. Budget Rent-A-Car of Rockford, 591 N.E.2d 507, 524 (Ill. App. 1992) (trial court delayed ruling on motion to dismiss under § 2-621 until manufacturer had answered or been required to answer the complaint).  As Defendant points out, Plaintiff has a duty of due diligence "in filing the action and obtaining jurisdiction over the manufacturer." 735 ILCS 5/2-261(b); Cherry, 565 N.E.2d at 218-19.  The Court finds that, though Plaintiff has such a duty, the fact that Plaintiff has not yet sought to sue Soilmec, S.p.A. does not mandate dismissal at this time.

In Cherry, the Illinois Appellate Court for the First District found that, though the trial court's dismissal of a non-manufacturer defendant prior to service on the manufacturer was "premature," it need not be deemed error in that case, because (1) the plaintiff had failed to exercise due diligence and (2) the non-manufacturer defendant would ultimately have been entitled to dismissal. Cherry, 565 N.E.2d at 218-19.  Here, Plaintiff's several Motions for Leave to File Amended Complaints show that Plaintiff has been making attempts to sue and serve the proper manufacturer throughout this litigation, unlike the plaintiff in Cherry. (Docs. 12, 16, 18, 20).  In addition, in Cherry, the court found that the plaintiff's duty of due diligence, if breached, would justify a premature dismissal of the non-manufacturing defendant where the plaintiff's only claim against that defendant was that it was part of the distribution chain.  Id. at 218-19.  Plaintiff also claims that Defendant was negligent in its sale and distribution of the Drill.  (Doc. 21 at 3). As will be discussed below, Defendant will have to remain in this suit and undergo

6

the expenses of litigation whether or not the strict liability count is dismissed at this time.

Finally, it is not certain here that Defendant will ultimately be entitled to dismissal, as the Cherry defendant was,[5] so dismissal is inappropriate in this case at this time. Id. at 218. Plaintiff, in its Response to Defendant's Motion to Dismiss, alleges that Defendant had to know of the alleged defect in the Drill, as it was "obvious." (Doc. 27 at 3-4). Plaintiff argues that § 2-621(c)(2) applies to prevent dismissal. As discussed by the Illinois Appellate Court for the First District, § 2-621(c) "introduces elements usually at issue in negligence actions" by focusing on the conduct of the defendant, rather than merely the dangerousness of the product. Murphy, 887 N.E.2d at 575. At this point, before discovery as to Defendant's knowledge and conduct in relation to the alleged defect in the Drill has been conducted (which will also be at issue under the negligence count), it is premature to decide whether Defendant had knowledge of the Drill's alleged defect and thus

---

[5] In Cherry, the manufacturer had been named as a defendant, but never served. Cherry, 565 N.E.2d at 216-17. The trial court dismissed the non-manufacturer defendant because the plaintiff had asserted that she planned to serve the West German manufacturer. Id. at 218. The plaintiff did serve the manufacturer eventually, and the manufacturer contested the court's jurisdiction over it. The trial court found that it did not have jurisdiction over the manufacturer, and dismissed the manufacturer. Id. at 217. The plaintiff moved for reconsideration of both the dismissals, though she withdrew her motion to reconsider the dismissal of the manufacturer; the trial court denied reconsideration of the dismissal of the non-manufacturer. Id. at 217. Though the manufacturer was dismissed, the plaintiff was not entitled to reinstatement of the non-manufacturer, as plaintiff had failed to pursue an argument that the manufacturer was subject to the court's jurisdiction. Id. at 220-21 ("[T]he trial court found that plaintiff had not shown that the manufacturer *could not* have been made subject to the jurisdiction of the court…plaintiff did not argue in favor of finding jurisdiction at the hearing on the matter.") (emphasis in original).

whether § 2-621(c)(2)'s exception applies.[6]  See Rosenthal v. Werner Co., 06-c-2873, 2009 WL 995489, *6-7 (N.D. Ill. Apr. 13, 2009) (dismissal under § 2-621 premature where "facts necessary to decide whether the various exceptions to dismissal listed in section 2-621(b) and (c) have not been fully developed").

Therefore, the Court will not dismiss the strict liability count against Defendant at this time.  Of course, if Plaintiff does not carry out his duty of due diligence in suing Soilmec, S.p.A, Defendant may again move for dismissal of the strict liability count against it, at which time Plaintiff may present evidence that one or more of the conditions under which a non-manufacturer defendant may be required to defend on the issue of strict liability are met.[7]

---

[6]  Even the Cherry court qualified its statement that "the statute should be construed liberally" to allow a non-manufacturer defendant to be dismissed as soon as the plaintiff knows the identity of the manufacturer, by limiting this liberal construction to non-manufacturer defendants who are "without personal fault." Cherry, 565 N.E.2d at 220.  In Cherry, the plaintiff did not allege that the defendant was at fault; none of the § 2-621(c) exceptions were cited.  Id. at 217. Here, the Plaintiff alleges that Defendant is at fault for his injury, both through § 2-621(c)(2) and the negligence count.

[7]  These exceptions include, of course, the exceptions listed in § 2-621(c): significant control of the design or manufacture of the product, instructions or warnings to the manufacturer as to the alleged defect, actual knowledge of the defect, or creation of the defect.  The Court finds that the § 2-621(b) conditions that will allow reinstatement of a dismissed non-manufacturing defendant could also preclude dismissal, as they would show Plaintiff's inability to bring the manufacturer into the suit or the manufacturer's inability to satisfy a judgment or settlement in spite of Plaintiff's due diligence.  See Rosenthal, 2009 WL 995489, *6 (characterizing both § 2-621(b) and § 2-621(c) as "exceptions to dismissal"); Thomas v. Unique Food Equipment, Inc., 537 N.E.2d 1375, 1378 (Ill. App. 1989) (§ 2-621 "ensures that the burden of loss due to a defective or dangerous product remains on those who placed the product in the stream of commerce," including a non-manufacturer if recovery against the manufacturer is not available).

## II.     Count II: Negligence

Defendant does not appear to seriously assert that Count II, which is based in negligence, should be dismissed under § 2-621.  (Doc. 26 at 3 (Defendant "should be dismissed from at least the strict liability portion of this action")).  Further, both the text of the pre-amendment version of § 2-621 and extensive caselaw show that § 2-621 is not applicable to negligence actions against non-manufacturer defendants. 735 ICLS 5/2-621 ("court shall order the dismissal of a strict liability in tort claim"); Rosenthal v. Werner Co., 06-c-2873, 2009 WL 995489, *5 (N.D. Ill. 2009) ("the pre-1995 version of section 2-621 applies only to claims based on 'strict liability in tort.'"); LaRoe v. Cassens & Sons, Inc., 472 F.Supp.2d 1041, 1047 (S.D. Ill. 2006) ("negligence claims…are outside the scope" of § 2-621"); Ison v. Invacare Corp., 02-c-50296, 2004 WL 539982, *1 (N.D. Ill. Mar. 12, 2004) (§ 2-621 "does not apply to negligence claims"); Aron v. Brown & Williamson Tobacco Corp., 02-c-3512, 2003 WL 21305531, *2 (N.D. Ill. Feb. 10, 2003) (claims other than those alleging strict liability not affected by § 2-621); Korologos v. Radium Chem. Co., 83-c-4235, 1986 WL 7700, *3 (N.D. Ill. June 27, 1986) (§ 2-621"provides only for dismissal of strict product liability claims"); Link by Link, 677 N.E.2d at 488 (prior to 1995 amendment, "statute did not provide for the dismissal of nonmanufacturer defendants who were sued under theories other than strict liability, such as negligence").

9

Defendant cites no law contradicting this interpretation.[8]  Therefore, Count II, based in negligence, will not be dismissed pursuant to § 2-621.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (25) is DENIED. Defendant's earlier Motion to Dismiss (Doc. 3) is DENIED AS MOOT.  As discussed above, if Plaintiff does not carry out his duty of due diligence in suing Soilmec, S.p.A, Defendant may again move for dismissal of the strict liability count under 735 ILCS 5/2-621.

 IT IS SO ORDERED.


Entered this <u>18th</u> day of December, 2009.


                                                            s/ Joe B. McDade
                                                             JOE BILLY McDADE
                                                           United States District Judge

---

[8]  In support of its statement that the "'Seller's Exception' has also provided for the dismissal of non-manufacturer defendants in product liability actions based on any theory, if they have not contributed to the alleged defect," Defendant cites the statute and <u>LaRoe</u>. (Doc. 26 at 2).  It is true that the unconstitutional version of the statute provides for the dismissal of a non-manufacturer defendant sued under any theory, but, as discussed above, this version is no longer valid.  The pre-amendment version controls after the Illinois Supreme Court's decision in <u>Best</u>, and it does not apply to "any theory."  Further, in <u>LaRoe</u>, Judge Murphy of the Southern District of Illinois explicitly stated that "negligence claims…are outside the scope of 735 ILCS 5/2-621." 472 F.Supp.2d at 1047.  There is nothing in the case suggesting that § 2-621 applies to negligence claims.