UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kevin J. Williams, | ) | |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 09-1168 |
| | ) | |
| American Equipment & Fabricating Corp., | ) | |
|       Defendant | ) | |

## ORDER and OPINION

Now before the Court are the following motions: Defendant's Motion to Compel (#37) and a Motion to Intervene as Plaintiff (#35) by T. Steel Construction, Inc. As explained more fully herein, the Motion to Compel is denied as moot and the Motion to Intervene as Plaintiff is granted.

## MOTION TO COMPEL

In this motion, Defendant asserts that it has served written discovery on the Plaintiff who had not, at the time of filing the motion, responded. In Plaintiff's response (filed on April 12), he asserts that discovery responses were served on April 7, 2010. Defendant has filed nothing to dispute that assertion.

Accordingly, the motion to compel is denied as moot. This is not to say that the dilatory response is condoned. Future discovery shall be conducted in the time and manner directed by the Federal Rules and the scheduling order in this case.

## MOTION TO INTERVENE AS PLAINTIFF

T. Steel Construction Corp. ("T. Steel") was the employer of Plaintiff Kevin Williams ("Williams") at all pertinent times. Williams' injury asserted in this case occurred during the scope of his employment and resulted in a worker's compensation claim. That claim was paid by T. Steel. By this motion, T. Steel seeks to protect its worker's compensation lien and subrogation interest in

any judgment in this action.

Plaintiff has not responded to this motion. Defendant American Equipment & Fabrication Corporation ("American") opposes the motion on two grounds. First, it claims that the motion was untimely. Second, it claims that the movant's interest is adequately protected by the current parties to this litigation.

This case was filed on May 13, 2009. The Fourth Amended Complaint was filed on October 19, 2009. The underlying event allegedly occurred on October 10, 2007. The Motion to Intervene as Plaintiff was filed on March 24, 2010.

There are two kinds of intervention: intervention as of right and permissive intervention. A would-be intervenor who cannot meet the test for intervention as of right may nonetheless be permitted to intervene if the applicant can meet the test for permissive intervention. Both types of intervention are governed by Fed.R.Civ.P. 24. In pertinent part, this Rule provides:

> (a) **Intervention as of right.** On timely motion, the court must permit anyone to intervene who:
> \*\*\*
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) **Permissive intervention.**
> (1) *In general*. On timely motion, the court may permit anyone to intervene who:
> \*\*\*
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> \*\*\*
> (3) *Delay or Prejudice*. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Defendant's response argues against only intervention as of right, so that part of the Rule will

be examined first. The Rule requires that a motion to intervene as of right be "timely."

Whether a motion to intervene was timely filed is a matter left to the sound discretion of the Court. As explained by one court, "The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970)(Goldberg, J.).

Both forms of intervention require that the motion to intervene by "timely." A different standard, however, is used to decide timeliness, depending on the type of intervention sought. See, McDonald, 430 F.2d at 1073. Accord, Alaniz v. Tillie Lewis Foods, 572 F.2d 657, 659 (9th Cir. 1978); Nevilles v. EEOC, 511 F.2d 303 (8th Cir. 1975). Where intervention of right is sought, the potential intervenor may be seriously harmed if intervention is denied; courts are therefore reluctant to dismiss such requests as untimely, even though the request might have been denied if the intervention sought were merely permissive. See, Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1126 (5th Cir.), cert. denied 400 U.S. 878 (1970).

Timeliness is a matter committed to the sound discretion of the Court. NAACP v. New York, 413 U.S. 345, 366 (1973). "Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances." Id.

The Seventh Circuit has described four factors that are pertinent to the determination whether a motion is timely: (1) how long the movant has known that the suit could impact the interest; (2) any prejudice from the delay to the existing parties to the lawsuit; (3) any prejudice to the movant if intervention is denied; and (4) any unusual circumstances for or against a finding of timeliness.

Heartwood Inc. v. U.S. Forest Service, Inc., 316 F.3d 694, 701 (7th Cir. 2003).

According to Defendant, T. Steele has known of its interest in this matter ever since the injury. That is incorrect. T. Steele certainly knew of the *injury* on which this litigation is based at that time. T Steel's *interest*, however, arose out of the worker's compensation proceedings. It is this lawsuit - and nothing that predates this lawsuit - that threatens an adverse impact on that interest. Defendant has not shown the Court anything about when T. Steele learned of this lawsuit, so there is nothing upon which this court might rest a finding that T. Steel sat on its rights for an inordinate period of time. In Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995), the Court measured timeliness from the time that the potential intervenors learned that their interests might be impaired. The delay of 19 months from the time suit was filed did not preclude intervention as of right, because the intervenors moved promptly after they learned that the existing plaintiff was not representing their interests. Id. See also, U.S. v. City of Chicago, 870 F.2d 1256, 1263 (7th Cir. 1989).

With respect to prejudice to the existing parties, Defendant asserts that allowing intervention will jeopardize the existing schedule in the case, because discovery already conducted will have to be repeated and because discovery will have to be conducted of the intervening party. I see no such prejudice. First, the existing parties agreed that they would not add new parties after January 11, 2011, so adding a new party now is well within the time frame anticipated by the parties. Second, fact discovery in this case does not end until January 15, 2011, so plenty of time remains within the existing schedule to accommodate discovery to and from this new party.

Finally, Defendant argues that T. Steel's interest will not be prejudiced by denying intervention because its lien is sufficiently protected by T. Steel's right of subrogation against

Plaintiff. I disagree. The interests of the Plaintiff and T. Steel are not identical. While T. Steel's economic interest in the outcome of this suit is entirely subsumed within Plaintiff's prayer for relief, the amount of T. Steel's interest (just over $13,000) is only a very small part of Plaintiff's possible economic recovery. While Plaintiff's damages are not quantified in the Complaint, she seeks compensatory damages in addition to punitive damages and attorney's fees. of the damages sought by Plaintiff.  The risk that it could be neglected or discounted is very real.

Moreover, the amount of the lien represents amounts that T. Steel has already paid to Plaintiff. Because she has already received these amounts, she has no financial motivation to expend any effort recovering them for the benefit of T. Steel. This lack of economic motive, when considered in conjunction with the relative imbalance in the amount of the respective interests of T. Steel and the Plaintiff, call into question the likelihood that T. Steel's lien will be vigorously defended by an existing party to this lawsuit.

These same two factors suggest that any right of subrogation T. Steel may have will have to be enforced by separate negotiation and/or litigation. Such an unnecessary waste of party and judicial resources is simply unnecessary when T. Steel can adequately protect its interest by intervening. While the prejudice to T. Steel may at this point in time be hypothetical, it is not unlikely; indeed, the Court has seen this kind of dispute in cases before it on a number of occasions[1]. There is a sufficient potential for prejudice to weigh this factor in favor of intervention.

Consideration of the relevant factors leads to but one conclusion: intervention as of right is proper in this case.

As an alternative, permissive intervention would also be proper. Once again, the petition is

---

[1]One such dispute is currently pending.

5

not shown to be untimely. There is nothing to suggest that T. Steel has dragged its feet or otherwise delayed the filing of this motion.

The only question is whether T. Steel's claim shares a common question of law or fact with the existing parties. Fed.R.Civ.P. 24(b)(1)(B). T. Steel has an economic interest in the outcome of this suit that is wholly subsumed in the Plaintiff's economic claim. Proof of that loss will therefore be identical. There is a common question of fact.

The standards for intervention of right and permissive intervention have been shown. The motion to intervene is therefore granted.

## CONCLUSION

Defendant's Motion to Compel [#37] is DENIED. T. Steel's Motion to Intervene as Plaintiff [#35] is GRANTED. The Clerk is directed to add T. Steel as a Plaintiff in this matter and to file T. Steel's complaint in intervention, attached to the Motion to Intervene as Plaintiff.

T. Steel is directed to serve its Rule 26(a)(1) disclosures within 14 days of the date of this Order. To the extent that any written discovery is necessary by or from T. Steel, that discovery is to be served within 45 days of the date of this Order.

ENTERED ON May 10, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE